**JI WU SHI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 07–2684–ag.

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

David J. Rodkin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Annette J. Clark, Of Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Ji Wu Shi, a citizen of China, seeks review of a June 6, 2007 order of the BIA affirming the November 14, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, denying Shi's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jiwu Shi*, No. A 79 140 783 (B.I.A. Jun. 6, 2007), *aff'g* No. A 79 140 783 (Immig. Ct. N.Y. City Nov. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We deem Shi's claim for asylum and CAT relief to have been abandoned, as has any claim based on his illegal departure from China, inasmuch as they were not made before the BIA. *See Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22 (2d Cir.2007).

With respect to Shi's withholding of removal claim, we conclude that the agency's adverse credibility determination is supported by substantial evidence. The agency found that Shi's demeanor in court undermined the credibility of his testimony. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007); *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The agency also properly found aspects of Shi's testimony implausible. In assessing the credibility of an asylum applicant's testimony, an IJ may consider whether the applicant's story is implausible. *Wensheng Yan,* 509 F.3d at 66–67.

Here, the agency specifically found it implausible that Shi would invite friends, relatives and members of the village to the wedding ceremony because it was "a big deal" but then take no photographs because the marriage was illegal. Shi's sole argument that this finding was in error is that "there is a big difference between [his] desire to tell friends and neighbors of his traditional wedding and his desire to hide the fact from the government." The

IJ plainly acted within its discretion in failing to credit that explanation.

The agency's adverse credibility finding was thus supported by substantial evidence. Because the only evidence of a threat to Shi's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Shi makes a generalized argument that the agency improperly drew an adverse inference as to his claim based on his failure to provide corroborative evidence. Although we are not certain that this argument has been sufficiently raised to permit review, in any event, the agency's finding was not in error. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.